41st JUDICIAL DISTRICT COURT
PARISH OF ORLEANS
STATE OF LOUISIANA


Jarvis Brown

Versus

State of Louisiana

Docket No.: ___520-744___

Section: ___"I"___

Date Filed:_____

_____
Deputy Clerk of Court


RENEWED MOTION TO CORRECT AN
Illegal Sentence Pursuant To LA. C.Cr.P Article 882

Now into THIS HONORABLE COURT comes, Jarvis Brown DOC# 710737, in proper pro se' capacity brings forth this Renewed Motion To Correct An Illegal Sentence and states the following:

1.

Pursuant to La. C.Cr.P. Article 882, Correction of An Illegal Sentence; Review of Illegal Sentence.  In Defective bill of information/ Improper Charge.  An illegal sentence is one not "authorized or directed by law".  State v. Maricle, 998 So. 2d 909 (La. App. 3d 2008).  It is "no sentence at all" (State v. Rome, 96-0991 (La. 7/1/97), 696 So.2d 976, 981, quoting State v. Johnson,220 La. 64, 55 So. 2d 782, 784 (La. 1951) and can be corrected "at any time". State v. Sholar, 801 So. 2d 534 (La. App. 2d 2001).State v. Gedric 741 So. 2d 849 (La. App. 1st cir. 1999) (under article 882 a trial court may correct an illegal sentence at any time.  See Joint Appendix bill of information.

2.

Petitioner herein states that he is in custudy of Regional Warden Jerry Goodwin located at David Wade Correctional Center, 670 Bell Hill Road, Homer, LA 71040-2150; in connection with a sentence imposed by this court on the 22nd day of April 2016.  Said sentence was imposed for violation of La. R.S. 14:64.3 (3) counts Armed Robbery with firearm;

Pg. 1

La. R.S. 14:70. 4(E)(3) 1 count of Access Device Fraud; La. R.S. 40:966
1 count of Possession of Marijuana.

3.

Petitioner states that his instant conviction and sentence are
against State and Federal Constitutions for the following reasons:

4.

On the 23rd day of April 2014; Petitioner was arrested in connection
with an offense of La. R.S. 14:64.3 (3) counts of allege Armed Robbery
with firearm; La. R.S. 14:70.4(E)(3) 1 count alleged Access Device
Fraud; La. R.S. 40:966 1 count of allege possession of marijuana.  On
the 20th day of June, 2014 a defective bill of information was filed.

5.

On the 22nd day of March 2016, Petitioner was found guilty of Armed
Robbery with firearm violation of La. R.S. 14:64.3(3) counts; Access
Device Fraud La. R.S. 14:70.4(E)(3) one count; Possession of Marijuana
La. R.S. 40:966 one count, which the Petitioner plead "Not Guilty", on
the 26th day of June 2014.

6.

THEREAFTER, THE Court order the Petitioner to Louisiana Department
of Public Safety and Corrections (DPSC) for a term of (60) sixty years
at hard labor for a violation of La. R.S.14:64.3 three counts of armed
robbery with fire; (6) six months for La. R.S. 14:70(E)(3) one count
of access device fraud; and (6)month La. R.S. 40:966 one count of
possession of marijuana.  All sentences ran concurrent with credit for
time served, without the benefit of probation, parole, or suspension
of sentence outside the jurisdiction of the court.

7.

Pursuant to Article 1 sec. 26th, 20th, 19th, 17th, 16th, 15th, 13th,
10th, 2nd, and 1st of the Louisiana Constitution of 1974 and United
States Constitutional Amendments 1st, 5th, 7th, 8th, 9th and 14th
Amendments, the sentence imposed is unconstitutionally imposed.

8.

The instant conviction and sentence is unconstitutional
imposed due to:

A.) Defective Bill Of Information/Improper Charge. The Petitioner,
State and Federal rights violated by the 41st Judicial Court
of Orleans Parish on April 22,2014, June 19-20, 2014, March
22, 2016, and April 22, 2016 on a defective bill of information
and improperly charging the Petitioner as to three counts of
allege armed robbery with La. R.S. 14:64.3. one count of allege
possession of marijuana La. R.S. 40:966. see State V. McQueen
230 La. 55, 87 So. 2d 727, 1955 LEXIS 1476. And alleged Access device fraud
14:70.4(E)(3) one count.
(Repealed) La. Rev. Stat. Ann. § 15:235 provides that in all
cases of crimes included in the Criminal Code but not covered
by the short forms hereinbefore set forth, it shall be suffici-
ent to charge the defendant using the name and article number
of the offense committed. see La. C.Cr.P. art 464. - 466.
The information in this case defective reads:
Criminal District Court for the Parish of Orleans Ralph Brandt,
Assistant district for the parish of Orleans who in name and
by the authority of the said state, prosecute in this behalf,
in proper person comes into the Criminal District Court for
the Parish of Orleans and gives the said court here to under-
stand and be informed that one  Jarvis Brown late in the Parish
of Orleans, on the 23rd of April in the year of our Lord, two
thousand AND FOURTEEN in Parish of Orleans aforesaid, and
within the jurisdiction of Criminal District Court of the Parish
of Orleans, While armed with a dangerous weapon, to wit: A
firearm, robbed Michael Retif, of a wallet and it's contents.
Count 3.
And all other counts 4, 5, 6, 7 are also defective failure
state the article and name of the amended bill of information.

While as to the ~~tree~~ three counts of armed robbery with a firearm
state of La. R.S. 14:64.3 was improper charge, where the
petitioner proper charge should have been La. R.S. 14:64.3
for the firearm enhancing of additional five years served
consecutive from La. R.S. 14:64 armed robbery.  See State V.
Wilson, 921 So.2d 103.  However, the misdemeanor charges failed
to state the amount of value for La.R.S. 14:70.4(E)(3) access
device fraud which the Fourth Circuit Court of Appeal discovered
patent error.  The State failed to list the amount of marijuana
that petitioner allegedly possessed La.R.S. 40:966 which is in
error. Correct Charge 40:966 C.(2)(a) which sentence to 40:966 sentence is illegal

In State V. Blanchard 226 La. 226 La. 1082, 78 So. 2d 181

As a general rule where an indictment follows the language of
of statute it is sufficient, but this rule is without application
where the words of statute do not sufficiently describe or legally
characterize the offense information charging an offense in words
of the statute is insufficient and the specific facts on which
the charge is based must be set out in the information.  State v.
Varnado, on rehearing, 208 La. 319, 368, 23 So. 2d 106, see also
State v. Holmes, 223 La. 397, 65 So. 2d 890; United States v.
Cruikshank, 92 US 542, 23 L. Ed. 588.  State v. Daniels, 873 So.
2d 822 (La. App. 3cir. 2004)

In this present case if the state contends that the petitioner's bill
of information that is defective is cured by defendant's bill of
particulars is an erroneous assumption.  On Nov. 7, 1955, Justice
Simon, as organ of the court in the case of State of Louisiana
v. Dabbs 228 La. 960, 84 So. 2d 601, 602 stated: "Irrespective
of what may be contained or set forth in the bill of particulars
relied on by the defendant to support his contention presented
by these bills, we are not concerned therewith. There can be no
prosecution on a bill of particulars.  Nor can the contents of a

Pg. 4

bill of particulars, whatsoever is set forth therein, after,
change, amend or affect the bill of information.  A bill of
particulars can neither create a defect in a bill of information
nor remedy a defective one."  See also State v. Willis, 56 So.
3d 368.
To find default in the Petitioner's case is crystallized of the
defective bill of information.  The jurisprudence in conformity
with the mandated of Constitution of Louisiana and the following
information in this instant case does not meet the requirements
of the law.

    Pursuant to La. C.Cr.P. art. 872, a valid sentence must rest
upon a valid and sufficient statute and indictment or bill of
information, and a verdict, judgment, or plea of guilty.  Further-
more, for a crime punishable by death or life imprisonment, trial
must be instituted by indictment by grand jury. See State v.
Shusan, 19 So. 2d 185 (La. 1944); State v. Duhon 77 So. 2d 791-92
(La. 1918).  In absence of a sufficient and valid indictment or
bill of information there can be no conviction or punishment for
an allege crime.  In absence or invalidity thereof court has no
jurisdiction whatsoever, and if a court assumes jurisdiction, said
trial, conviction, and sentence is null and void ab initio, in
a word, "illegal".  State v. Duhon, supra; see State v. Soileau,
138 So. 2d 92-93 (La. 1931) Where a trial court lacks jurisdiction,
no objection is required to preserve the claim, and this error of
law can be raised at anytime. (La.C.Cr.P. art. 535(D)

    As the Petitioner wanted to object to the whole case on defective
bill of information, as a pro se defendant on March 22, 2016 of
trial.  The Petitioner stand by counsel Serria Thompson urging
the Petitioner in his ear not to object to the defective bill of
information on all counts the Petitioner is charged.  Which denied
the Petitioner his right to self-representation of unsolicited
participation.  Wiggins v. Estelle 681 F.2d 268.  The Court had

and has no jurisdiction over this instant case.  Therefore, due
to an illegal conviction and sentence have a "res judicata effect".
Such error no one can unring a bell once it's already rung, thus
error is not harmless denying or depriving anyone of such error
like in this instant case.

   Jurisdiction to try and punish on accused of crime by the method
prescribed by law.  State V. Smith, 195 So. 2d 523 (La. 1940).
Therefore,  Petitioner submits it was error patent on fact of
the record La.C.Cr.P. art. 920.2 for the trial court to invoke
its criminal jurisdiction over him on the basis of a bill of
information which did not conform to applicable law, in that,
said instrument was invalidly rendered by an illegally and uncon-
stitutionally defective bill of information. The United States v.
Olano, 507 US 725; 113 S.Ct. 1770; 123 L.Ed. 2d 508; (1993) held
that, an error that is clearly or obviously would affect the
accused substantial rights is never harmless.  In Louisiana it
has also been long held, that there can be no conviction or pun-
ishment for a crime without a formal and sufficient accusation and
that in the absense thereof, a court would have no jurisdiction.
State v. McDonald, 152 So. 2d 308 (1934); State v. Straughan, 87
So. 2d 523 (La. 1956); State v. Butler, 250 So. 2d 740 (La. 1971);
State v. Raby 253 So. 2d 370 (La. 1971); State v. Spina, 259 So.
2d 891 (La. 1972); State v. Smith 257 So. 2d 738 (La. 1973).


CONCLUSION

   Wherefore, by the facts, law, and arguments above, just and
good cause show; Petitioner prays this HONORABLE COURT grants this
motion and issue all needful necessary orders on his behalf; causing
Petitioner's illegal conviction and sentence to be reversed.


Pg. 6

Alternatively, Petitioner prays this HONORABLE COURT order a full evidentiary hearing to be held for further development of the above claims.

Respectfully Submitted,

Date: 1/9/14

Jarvis Brown #710737
DWCC N4
670 Bell Hill Road
Homer, LA 71040

Pg. 7

## CERTIFICATE OF SERVICE

I, Jarvis Brown, do hereby certify that a true and correctd copy has been served upon the District Attorney's Office by the Clerk of Court for the Parish of Orleans via prepaid United States Postal Service.  On this ___9th___ day of ___January___, 2019.

_____
Jarvis Brown
Pro Se litigant

Pg. 8

IN THE

41ST JUDICIAL DISTRICT COURT

PARISH OF ORLEANS

STATE OF LOUISIANA


JARVIS BROWN DOC# __710737__

VERSUS

STATE OF LOUISIANA

DOCKET NO.: __520-744__

SECTION: __" I "__

DATE FILED: _____

_____
CLERK OF COURT


O   R   D   E   R

IT IS HEREBY ORDERED that Petitioner's *Renewed* Motion to Correct An Illegal Sentence shall be GRANTED.

IT IS FURTHER ORDERED that the District Attorney's Office for the Parish of Orleans, Louisiana be present in open court on the _____ day of _____, 20_____, _____o'clock, _____m. to show cause, if any why Petitioner's Motion shall not be GRANTED.

IT IS FURTHER ALSO ORDERED that Regional Warden Jerry Goodwin of David Wade Correctional Center 670 Bell Hill Road. Homer, LA 71040-2150 shall produce the physical body of:

_____ DOC#_____,

before this Honorable District Court for said hearing. Upon completion of hearing shall be return back to DWCC physical location.

THUS DONE AND SIGNED ON THIS _____ DAY OF_____, 20_____.


_____
DISTRICT COURT JUDGE 41ST
PARISH OF ORLEANS

Clerk Please Serve:

Regional Warden Jerry Goodwin
DWCC Records Office
DWCC 670 Bell Hill Road
Homer, LA 71040-2150

Jarvis Brown DOC#710737 N4A
DWCC 670 Bell Hill Road
Homer, LA 71040-2150

NO. 2019-K-0202

COURT OF APPEAL, FOURTH CIRCUIT

STATE OF LOUISIANA

STATE OF LOUISIANA

VERSUS

JARVIS BROWN

IN RE:      JARVIS BROWN

APPLYING FOR: SUPERVISORY WRIT

DIRECTED TO:   HONORABLE KAREN  K. HERMAN
CRIMINAL DISTRICT COURT ORLEANS PARISH
SECTION "I", 520-744

**WRIT DENIED.**

     Relator, Jarvis Brown, has filed a pro se application for supervisory writs

seeking to reverse the trial court's January 28, 2019 ruling denying his Renewed

Motion to Correct Illegal Sentence. The writ application is hereby denied.

     New Orleans, Louisiana this 4th day of April, 2019.

_____
JUDGE DALE N. ATKINS

_____
JUDGE REGINA BARTHOLOMEW-WOODS

_____
JUDGE PAULA A. BROWN

A TRUE COPY
NEW ORLEANS
APR 04 2019
CLERK
COURT OF APPEAL FOURTH CIRCUIT



Office Of The Clerk
# Court of Appeal, Fourth Circuit
State of Louisiana

Justin I. Woods
Clerk of Court

JoAnn Veal
Chief Deputy Clerk of Court

400 Royal Street
Third Floor

Mailing Address:
410 Royal Street
New Orleans, Louisiana
70130-2199
(504) 412-6001
FAX (504) 412-6019

## NOTICE OF JUDGMENT AND
## CERTIFICATE OF MAILING

I CERTIFY THAT A COPY OF THE WRIT DISPOSITION IN THE BELOW-NUMBERED MATTER HAS BEEN MAILED ON OR DELIVERED THIS DAY **04/04/2019** TO THE TRIAL JUDGE, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

JIW/dfj
_____

**JUSTIN I. WOODS
CLERK OF COURT**

## 2019-K-0202

Jarvis Brown, #710737
DAVID WADE CORRECTIONAL CENTER
670 Bell Hill Road
Homer, LA 71040

Donna Andrieu
Leon Cannizzaro
District Attorney
ORLEANS PARISH
619 S. White Street
New Orleans, LA 70119

Jarvis Brown #110137
David Wade Corr. Ctr.
670 Bell Hill Road
Homer, Louisiana 71040

Hon. Clerk of Court Sec. "I"
Orleans Parish Criminal Court
 2700 Tulane Ave
New Orleans, Louisiana 70119

Re:  State v. Brown Case No. 520-744; To receive a copy of ruling
    on January 28, 2019 and info about (APCR)-timely filing

March 31, 2019

Dear Hon. Clerk of Court,
                I'm writing you this missive simply to
receive a copy of the ruling on my Motion To Correct An
Illegal Sentence on January 28, 2019 and did you all
receive my Application for Post-Conviction Relief with Memorandum
I mailed to you on/around March the week of the 18th, 2019.
I'm enclosing this missive to you. May Peace, Love, and
Joy be multiplied to you.

                                        Respectfully
                                                    GoodBless
                                                        You