UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JARVIS BROWN | CIVIL ACTION |
| VERSUS | NO. 19-12432 |
| ORLEANS PARISH SHERIFF'S OFFICE, ET AL. | SECTION "R" (1) |

### ORDER AND REASONS

Before the Court is Jarvis Brown's section 1983 complaint[1] and motion for a preliminary injunction and restraining order.[2] The Court has reviewed *de novo* the complaint,[3] the record, the applicable law, the Magistrate Judge's Report and Recommendation,[4] and the petitioner's objections.[5] Because the Magistrate Judge correctly determined that Brown's complaint is frivolous, the complaint is dismissed. And because the plaintiff offers no legal basis for a temporary restraining order or preliminary injunction, his motion is likewise dismissed.

---

[1] R. Doc. 4.
[2] R. Doc. 8.
[3] R. Doc. 4.
[4] R. Doc. 6.
[5] R. Doc. 7.

In 2016, Jarvis was found guilty of three counts of armed robbery, one count of possession of marijuana, and one count of access device fraud. *See State v. Brown*, 219 So. 3d 518, 523 (La. App. 4 Cir. 2017), *writ denied*, 243 So. 3d 1061 (La. 2018). He was sentenced to sixty years' imprisonment. *Id.* In September 2019, Jarvis filed this section 1983 action against the Orleans Parish Sheriff's Office and numerous other state officials, requesting damages for wrongful imprisonment.[6] Jarvis states in his complaint that he believes he is wrongfully imprisoned, and seeks release and damages in the amount of $400 billion.[7]

Because the plaintiff is incarcerated, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A, which require that the Court review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court should dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* at 28 U.S.C. § 1915A(b)(1). A complaint is frivolous if it "lacks an arguable basis in law or fact." *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994). The Magistrate Judge correctly

---

6     R. Doc. 4.
7     *Id.* at 7.

determined that in addition to a "myriad [of] other obstacles",[8] the plaintiff's action lacks an arguable basis in law because Brown's suit it is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87. In his objections, the plaintiff does not respond to the Magistrate Judge's analysis of *Heck*. Instead, he only restates his claims and makes new allegations regarding correctional officer misconduct that were not included in his complaint. Because *Heck* bars the plaintiff's suit, it must be dismissed.

The plaintiff also filed a motion that he stylized as an "order to show cause for a preliminary injunction and temporary restraining order."[9] This filing largely restates the plaintiff's arguments that he is wrongfully imprisoned. A temporary restraining order is an "extraordinary remedy." *See Miss. Power & Light Co.*, 760 F.2d 618, 621 (5th Cir. 1985). Because of

---

8   R. Doc. 6 at 2.
9   R. Doc. 8.

this, a temporary restraining order or preliminary injunction will be granted only where "(1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve public interest." *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Here, the plaintiff has not attempted to address these requirements, and in any event fails to meet them. For example, the plaintiff has not shown that there is a substantial likelihood he would succeed on the merits, as a motion for a temporary restraining order or injunction is not a proper vehicle to challenge a state court conviction. Nor has the plaintiff made a showing or irreparable harm. And because the plaintiff must prove a required element, the court must deny his motion. *Clark* at 993 ("The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.").

For the reasons in the Report and Recommendation, the plaintiff's complaint is frivolous. Accordingly, IT IS ORDERED that the plaintiff's complaint is DISMISSED WITH PREJUDICE. Additionally, the plaintiff's

4

motion for a preliminary injunction and temporary restraining order is DENIED WITH PREJUDICE.

New Orleans, Louisiana, this __31st__ day of October, 2019.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE